[Civ. No. 7673. Third Dist. Mar. 11, 1950.]

JAMES G. BRYANT, as State Director of Employment, Appellant, v. STATE PERSONNEL BOARD et al., Respondents.

Maurice P. McCaffrey and Mary S. Merritt for Appellant.

Fred N. Howser, Attorney General, and Wilmer W. Morse, Deputy Attorney General, for Respondents.

PEEK, J.—The sole question presented on this appeal is one of law and relates to the sufficiency and validity of the contents of the notice of rejection of the real party in interest, Vernon H. Cress, as a probationary state employee. It is our conclusion that the judgment of the trial court holding said notice to be insufficient, and which was in accord with the findings and decision of the Personnel Board, is well founded and should be sustained.

From the record before us it appears that on November 2, 1946, Cress was appointed from an eligible list to the position of referee for the Unemployment Insurance Appeals Board in the Department of Employment and by virtue of such appointment received probationary status in said position. On May 6, 1947, prior to the expiration of his six months' probationary period, a notice of his rejection as such employee, pursuant to section 19173 of the Government Code, was served upon him. On May 21, 1947, he filed with the State Personnel Board an appeal from said notice of rejection. Thereafter, by a letter dated June 16, 1947, Cress was served with a statement which has been denominated by petitioner as a bill of particulars of what said petitioner expected to prove at said hearing, and on June 26th his attorney was furnished with an amended statement of particulars. A hearing was held before the Personnel Board which resulted in a decision restoring Cress to the position from which he had been rejected. The findings of the board were concluded as follows:

"That the said notice of rejection during probationary period was not accompanied by a statement of the specific reasons therefor, truthful within the knowledge of the appointing power or other officer or person in charge of the said appellant; that said notice of rejection during probationary period did not comply with said Section 19173 of the Government Code."

In its decision the board stated that while the facts found constituted good cause for rejection of the employee during his probationary period, or for disciplinary action, the notice of rejection failed to "comply with Section 19173 of the Government Code in that it fails to contain a statement of said

facts or any specific reasons for the rejection, truthful within the knowledge of the appointing power or other officer or person in charge of the employee,'' and for the reasons stated ordered Cress restored to the position from which he had been rejected.

Thereafter petitioner brought these proceedings in mandate in the superior court to review the action of the board restoring said probationer to his position, and has taken this appeal from the judgment of said court denying the relief sought.

■ The particular section of the Government Code here in question, section 19173, reads as follows:

''Any probationer may be rejected by the appointing power during the probationary period for reasons relating to the probationer's qualifications, the good of the service, or failure to demonstrate merit, efficiency, fitness, and moral responsibility.

''*Notice of rejection accompanied by a statement of the specific reasons therefor, truthful within the knowledge of the appointing power or other officer or person in charge of the employee,* shall be filed by the appointing power with the board and a copy served upon the probationer to give effect to the rejection.'' (Italics ours.)

The notice of rejection which was served upon Cress and filed with the board reads as follows:

''You are hereby notified of the rejection during the probationary period of Vernon H. Cress from the position of Referee, Unemployment Insurance Appeals Board, effective at the close of business May 9, 1947, in accordance with Section 19173 of the Government Code.

''The reasons for the rejection are the good of the service and failure to demonstrate merit and fitness.

''Specific examples of such reasons are as follows: Conduct and actions unbecoming an employee of the Department of Employment serving in the capacity of a Referee, Unemployment Insurance Appeals Board.''

The gist of said code section appears to be the specific reasons existing which would ''give effect to the rejection.'' ''Reason'' is variously defined as:

''That which is supposed or affirmed to support or justify any conclusion, belief or plan of action; a fact, truth, or end to be attained, which drives the mind as a rational ground or motive; proof for an opinion, judgment or resolution, principle of thought or action.'' (Funk and Wagnalls New Standard Dictionary.)

"Any expression or statement offered as an explanation of a belief or assertion or as a justification of an act or procedure; any sufficient ground of explanation or of logical defense." (Webster's New International Dictionary.)

Thus it is apparent from a reading of the code section that justification for the rejection of a probationary employee, lies not in the appointing power's conclusion, as in the present case, that the action is for "the good of the service and failure to demonstate merit and fitness" or that "the conduct and actions" were unbecoming to such an employee. Rather the justification therefor lies in the factual reasons which support or justify such conclusion by said appointing power that the rejection of the employee would be for the good of the service. In other words, while the notice of rejection undoubtedly stated a good *cause* for removal such a statement is not an adequate "statement of the *specific reasons* therefor" as contained in said section.

We find nothing to the contrary in any of the cases cited and relied upon by appellant. In fact, *Brown* v. *State Personnel Board,* 43 Cal.App.2d 70 [110 P.2d 497], one of the cases so cited by appellant substantiates the conclusion of the trial court and that reached herein rather than the position taken by appellant. In that case the purported reason given in the notice was "service unsatisfactory." The court in determining the sufficiency of such statement under section 9 of the Civil Service Act [Stats. 1937, p. 2085; 1 Deering's Gen. Laws, Act 1404] providing that the notice state "the reasons therefor," the court stated at page 76 as follows:

"Where a report assigns as the reason for 'separation' only the phrase 'services unsatisfactory' or 'unsatisfactory service,' and no statement of fact is included with respect to the employee's lack of any one of the qualities prescribed by the statute, it is clear that there is no statement of 'the reasons for the dismissal.' In view of the requirement of Rule 9, a probationer's failure as to conduct, capacity, integrity, or moral responsibility should be described in language intelligible to a man of ordinary understanding."

Contrary to petitioner's contention, the so-called bill of particulars contained in his letter of June 16th to Cress did not cure the inadequacy of said notice. It is uncontradicted that the notice was dated May 6th and the letter was dated June 16th. Under the applicable code section such procedure as was followed by petitioner would be proper; however, it is obvious from the facts above mentioned, which are not denied,

that the said bill of particulars was not served upon Cress until more than a month after the notice of rejection, and hence it cannot be said that the notice was "accompanied by a statement of the specific reasons therefor."

Furthermore it should be noted that although acts of misconduct as found by the board occurred prior to the date of the notice of rejection, such acts or conduct were, in the findings of the board, not brought to the attention of the person in charge until subsequent to the actual date of the notice of rejection. While the brief of respondent board only mentions this fact in passing, it was held by the trial court to be a further basis for the conclusion that the notice of rejection was improper, since the party giving said notice to Cress did not know of said acts until after the issuance of said notice, and hence the purported reasons could not have been "truthful within the knowledge of the appointing power or other officer or person in charge of the employee."

For the foregoing reasons the judgment is affirmed.

Adams, P. J., concurred.